1  Gary M. Anderson (State Bar No. 97385)
   Kenya L. Williams (State Bar No. 276875)
2  FULWIDER PATTON LLP
   Howard Hughes Center
3  6060 Center Drive, Tenth Floor
   Los Angeles, California 90045
4  Telephone: (310) 824-5555
   Facsimile: (310) 824-9696
5  litdocketla@fulpat.com

6  Attorneys for Plaintiff Strategic Wave Technology, Inc.

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10                     CV13-01858 GH

11  STRATEGIC WAVE TECHNOLOGY,        CASE NO.
    INC., a South Carolina corporation,
12                                     COMPLAINT FOR:
                Plaintiff,
13                                     1) UNFAIR COMPETITION (CAL.
         v.                            BUS. & PROF. CODE §§ 17200, et seq.);
14
    MIGRATION SOLUTIONS, INC., a       2) INTENTIONAL INTERFERENCE
15  California corporation; LUIS A.    WITH CONTRACTUAL RELATIONS;
    CASTRO, an individual; MARK
16  AURELIUS, an individual; WILLIAM   3) INTENTIONAL INTERFERENCE
    H. CLUNE, an individual; and DOES 1 WITH PROSPECTIVE ECONOMIC
17  through 10, inclusive,             ADVANTAGE;

18              Defendants.            4) CONVERSION;

19                                     5) MISAPPROPRIATION OF TRADE
                                       SECRETS (CAL. CIV. CODE §§ 3426,
20                                     et seq.);

21                                     6) FRAUD & INTENTIONAL DECEIT;

22                                     7) CONSTRUCTIVE FRAUD;

23                                     8) BREACH OF CONTRACT;

24                                     9) BREACH OF IMPLIED COVENANT
                                       OF GOOD FAITH & FAIR DEALING;
25
                                       10) DECLARATORY JUDGMENT (28
26                                     U.S.C. §§ 2201, 2202)

27
                                       **DEMAND FOR JURY TRIAL**
28

649112.1        COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.     Plaintiff STRATEGIC WAVE TECHNOLOGY, INC. (hereinafter "Plaintiff" or "SWT") brings this action against Defendant MIGRATION SOLUTIONS, INC. (hereinafter "MSI"),  Defendant LUIS A. CASTRO (hereinafter "CASTRO"), Defendant MARK AURELIUS (hereinafter "AURELIUS"), Defendant WILLIAM H. CLUNE (hereinafter "CLUNE"), and DOES 1 through 10, inclusive (collectively referred to herein as "Defendants"), upon information and belief, under the statutory and common laws of the State of California, to enjoin, inter alia, Defendants' unfair competition, intentional interference with contractual relations and prospective business advantage, conversion to their own use of Plaintiff's proprietary computer software application and relational database and any and all derivatives thereof (collectively referred to herein as "GUPTA"), misappropriation of Plaintiff's confidential trade secrets, and for the recovery of monetary damages resulting from those and other unlawful actions, such as fraud and intentional deceit, constructive fraud, breach of contract, and breach of implied covenant of good faith and fair dealing.

## JURISDICTION AND VENUE

2.     The First through Ninth Claims for Relief arise under the statutory and common laws of the State of California.  Jurisdiction over the subject matter of these claims is vested in this Court under 28 U.S.C. § 1332 based upon diversity of citizenship since Plaintiff is a citizen of the State of South Carolina and, upon information and belief, Defendants are citizens of the State of California and the amount in controversy is believed to exceed the sum or value of $75,000, exclusive of interest and costs.  Jurisdiction over these claims is also vested in this Court under 28 U.S.C. § 1367(a) based upon the principles of supplemental jurisdiction.  The Tenth Claim for Relief arises under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3.     All or a substantial part of the events giving rise to the claims asserted

1  herein occurred in the County of Los Angeles, in the State of California, which is
2  located within the Central District of California, and have caused, and continue to
3  cause, damage to Plaintiff in this County and in this District.  Further, on
4  information and belief, Defendant MSI has its principal place of business in this
5  County and in this District and offers and provides services in this County and in
6  this District, including those services offered and provided to Plaintiff, which have
7  resulted in Defendants' engagement in the unlawful conduct described herein and,
8  unless enjoined by this Court, will continue to engage in unlawful conduct in this
9  County and in this District, as set forth more fully herein.  Moreover, on information
10 and belief, Defendant CASTRO, Defendant AURELIUS and Defendant CLUNE,
11 and each of them, work and reside in this County and in this District.  Accordingly,
12 this Court has personal jurisdiction over the Defendants and venue in this County
13 and in this District is proper under 28 U.S.C. §§ 1391(b)-(c).

14                                              **THE PARTIES**

15        4.      Plaintiff SWT is a corporation organized under the laws of the State of
16 South Carolina, with a principal place of business at 206 Carolina Building, Hilton
17 Head Island, South Carolina 29938.  Plaintiff has been in the business of providing
18 logistical support to leading global manufacturers of high-value and/or hazardous
19 materials for over eighteen (18) years.

20        5.      Defendant MSI is a corporation organized under the laws of the State
21 of California with a principal place of business at 1112 Montana Avenue, Suite 234,
22 Santa Monica, California 90403.  Upon information and belief, Defendant MSI
23 provides professional services in the nature of support for software applications and
24 business procedures to various business entities.

25        6.      Upon information and belief, Defendant CASTRO is an individual,
26 who resides and works in the County of Los Angeles, State of California and is an
27 employee, agent or representative of Defendant MSI.

28        7.      Upon information and belief, Defendant AURELIUS is an individual,

1    who resides and works in the County of Los Angeles, State of California and is an

2    employee, agent or representative of Defendant MSI.

3        8.      Upon information and belief, Defendant CLUNE is an individual, who

4    resides and works in the County of Los Angeles, State of California and is an

5    employee, agent or representative of Defendant MSI.

6        9.      The true names and/or capacities, whether individual, corporate,

7    associate or otherwise, of Defendants named herein as Does 1 through 10, inclusive,

8    are unknown to Plaintiff, which therefore sues said Defendants by fictitious names.

9    Plaintiff will amend this Complaint to show the true names and capacities of Doe

10   Defendants when the same have been ascertained.  Plaintiff is informed and

11   believes, and on that basis alleges, that each of the Defendants designated herein as

12   Doe participated in the unlawful acts committed by one or more named Defendants.

13                      **FACTUAL ALLEGATIONS**

14       10.     Since 1995, SWT has been providing logistical support to leading

15   global manufacturers of high-value and/or hazardous materials using GUPTA.

16   SWT's clients heavily depend upon the services provided by SWT to help them

17   manage their tank fleet assets and they rely upon SWT to coordinate with lessors,

18   ports, depots and other third parties on their behalf.

19       11.     In order to provide the high level of quality service its clients have

20   come to expect, SWT has developed many computer software interfaces, including

21   Isotrac™ and Multitrac™, which are based upon its original logistics application,

22   GUPTA.  GUPTA is continuously updated to provide 100% visibility regarding the

23   status and position of each client asset managed by SWT.  To wit, over the last 18

24   years, SWT has built a reputation among the trade and consumers of providing

25   exceptionally high quality logistical services, not only in the United States, but

26   around the world.

27       12.     SWT's superior logistical services are evidenced, inter alia, by its

28

1    ability to acquire and maintain clients which, collectively, entrust billions of dollars
2    in assets to SWT on a daily basis.

3          13.    As early as 1995, SWT developed and still owns all of the intellectual
4    property and other rights to its proprietary logistics software program and relational
5    database, GUPTA, which is unrivaled and unmatched in the industry.

6          14.    Prior to 2004, GUPTA was hosted on a server in Grand Rapids,
7    Michigan.  Beginning in 2004, after being introduced to Defendant AURELIUS, an
8    employee, agent or representative of Defendant MSI, SWT and Defendant MSI
9    entered into an implied-in-fact contractual agreement whereby MSI initially agreed
10   to maintain and enhance the existing GUPTA application in exchange for
11   compensation by SWT based upon the amount of work performed by MSI.  Later,
12   due to technical shortcomings of the existing GUPTA application, MSI
13   recommended migrating the entire application to a .NET framework.  Under the
14   express direction of SWT's managing director, Jim Harris, MSI migrated GUPTA
15   from the original SQL database format to a .NET environment and has since made
16   various enhancements to GUPTA, always at the express direction of Mr. Harris or
17   another authorized representative of SWT.

18         15.    Throughout their course of dealing, SWT, by and through its managing
19   director Jim Harris, specified exactly what changes needed to be made, which was
20   predicated upon the needs and requirements of SWT's main clients.  Thereafter,
21   Defendant CASTRO, MSI's computer programmer and ".NET guru", and a
22   shareholder of MSI, would make the requested changes to GUPTA, which was now
23   in .NET format.  To date, Defendant MSI has been paid over $1 million for its work
24   on behalf of SWT, at a minimum rate of approximately $15,000.00 per month.

25         16.    In or about 2010, SWT's in-house counsel requested confirmation from
26   Defendant MSI that MSI would not claim ownership to SWT's GUPTA, including
27   any .NET derivative thereof.  In response, SWT received correspondence from
28   Defendant MSI's counsel stating that if SWT desired to terminate the services of

MSI and CASTRO, SWT would be required to negotiate a license from MSI to continue using and to have the ability to modify and enhance GUPTA. MSI was effectively withholding the source code to the current version of GUPTA, as such source code and application are located on servers in the possession or under the control of MSI, its agents and representatives.

17. Thereafter, to prevent the disruption of its business operations, SWT attempted to negotiate, in good faith, a written agreement with MSI, to no avail, whereby SWT would pay MSI a flat licensing fee for the continued use and ability to modify and enhance GUPTA. It was and has always been SWT's belief that SWT is wholly and exclusively entitled to the full and unfettered use of its proprietary GUPTA software application and any derivatives thereof. Upon information and belief, neither SWT, nor its representatives, ever engaged in any communication or conduct that would indicate that SWT did not intend to be the sole owner and user of GUPTA, including any .NET or other derivatives thereof.

18. In fact, GUPTA is an integral part of the operation of SWT's business. There was never any intent on the part of SWT to allow the Defendants or any other entity to usurp SWT's ability to freely use, modify, enhance and otherwise exploit for its own purposes SWT's own software at its discretion.

19. SWT has established a solid reputation in the logistics industry and promotes and markets its logistical services through its website (www.stratwave.com) and by word of mouth from having done and for still doing great work for large clients. As a result of its global reach and influence, SWT has been able to attract multinational clients with logistical needs all over the world.

20. SWT, through its hard work, quality logistical services, and unwavering commitment to customer support and service, has derived an immeasurable amount of goodwill in and to SWT's business model, which heavily depends upon the ability to use, modify, enhance and fully exploit its proprietary GUPTA software application, including, without limitation, the .NET and any other

1  versions thereof.

2      21.    Upon information and belief, Defendant MSI has been doing business

3  since 2004, and has been providing professional services in the nature of support for

4  software applications and business processes and related services in Los Angeles

5  County since that time.

6      22.    Upon information and belief, Defendant CASTRO is an employee,

7  agent or representative of Defendant MSI.  In or about 2004, SWT commissioned

8  Defendant MSI, who hired Defendant CASTRO, to maintain SWT's existing

9  GUPTA software application.  In its capacity as SWT's hired service provider,

10  Defendant MSI charged Defendant CASTRO, MSI's computer programmer, with

11  maintaining SWT's existing GUPTA software program.  For this service, SWT has

12  paid Defendant MSI approximately $15,000.00 per month, which SWT believes has

13  morphed into more than just payment for services rendered.  Recently, upon

14  information and belief, Defendants MSI and CASTRO have done very little work

15  for the large monthly compensation provided by SWT ever since the latest version

16  of GUPTA was completed in or about 2006.  As such, upon information and belief,

17  Defendant MSI, with the authorization, under the control and at the direction of

18  Defendant CLUNE, submitted fraudulent billing invoices to SWT.

19      23.    Despite SWT's request on multiple occasions, not only have

20  Defendants MSI and CASTRO failed to provide SWT with the details of the work

21  performed each month in the form of itemized invoices, but also, upon information

22  and belief, with the authorization, under the control and/or at the direction of

23  Defendant CLUNE, have been unlawfully withholding the source code for the .NET

24  version(s) of SWT's GUPTA.  Such unlawful withholding of SWT's proprietary

25  source code has caused SWT to be in the unfortunate position to be obligated

26  against its will to pay Defendant MSI $15,000.00 per month just to keep SWT's

27  business in full and uninterrupted operation.  Such conduct by Defendants MSI,

28  CLUNE and CASTRO amounts to interference with SWT's ability to fully serve its

1    existing clients' needs, while also limiting SWT's ability to obtain new clients.

2        24.    Recently, SWT received a proposal from MSI through Defendant

3    AURELIUS, which provided SWT with three (3) options, none of which included

4    providing SWT with the ability to sever its relationship with MSI without having to

5    pay a significant sum of money to do so.  Further, none of the 3 options provided

6    that SWT would have immediate possession of and the ability to freely use, modify,

7    enhance and otherwise exploit for its own purposes its own GUPTA software

8    application and any and all derivatives thereof.  In fact, the main theme of MSI's

9    most recent proposal was that SWT would be indebted to MSI and/or MSI's

10   employee, Defendant CASTRO, for the foreseeable future.

11       25.    Further, to add to SWT's fears, on MSI's social media page,

12   (www.linkedin.com/company/migration-solutions-inc-), it advertises as follows:

13   "Over the years we have developed an arsenal of software to assist clients in their

14   migration efforts.  This allows us to offer services that are cost effective while

15   minimizing the risks of system implementation."  See Exhibit A.  By implication, it

16   appears that Defendant MSI "develops" software applications from the existing

17   applications of its clients and then usurps the applications and converts them to

18   MSI's own use, at the peril and detriment of the original owner.  Based upon the

19   revelation that MSI has "developed an arsenal of software to assist clients in their

20   migration efforts", SWT has a reasonable belief that Defendants have or will

21   misappropriate its proprietary GUPTA software application and/or the .NET

22   version(s) thereof.

23       26.    Any use by Defendants of SWT's GUPTA application and/or any

24   derivations thereof in any format, which was not at the express direction of SWT,

25   has been without SWT's authorization or consent and must be prevented or ceased

26   immediately to prevent irreparable harm to SWT.

27       27.    Upon information and belief, Defendants promote, market, and offer

28   their services to SWT's current and potential competitors.  Therefore, SWT has a

1  reasonable belief that if Defendants are not enjoined from withholding SWT's

2  source code, Defendants will misappropriate and use SWT's proprietary software to

3  "assist [other] clients in their migration efforts" to SWT's great detriment.

4      28.    SWT's source code for its proprietary GUPTA software application and

5  any and all derivations thereof, including, but not limited to the .NET framework in

6  which it currently exists, is considered to be a trade secret of SWT, which SWT has

7  taken reasonable measures to protect.  Any use of such trade secret which is not at

8  the express direction and for the sole benefit of SWT constitutes a misappropriation

9  thereof, including the unlawful withholding of such trade secret in exchange for

10  continued payment of the $15,000.00 per month "maintenance fee" which has not

11  resulted in actual services being provided since the latest version of GUPTA was

12  completed in or about 2006.

13      29.    Upon information and belief, Defendant MSI, with the authorization,

14  under the control and/or at the direction of Defendant CLUNE, has refused to

15  provide SWT with the source code for the .NET derivations of SWT's proprietary

16  GUPTA software application despite SWT's request therefor and superior rights

17  therein.

18      30.    Upon information and belief, Defendants, and each of them, have

19  intentionally, maliciously, negligently, recklessly and/or willfully engaged in the

20  conduct described herein and have derived independent economic benefit therefrom.

21      31.    SWT's ability to maintain the valuable goodwill associated with its

22  provision of logistical services to large global clients, and the hard earned reputation

23  of SWT in the logistics industry is and continues to be jeopardized by Defendants'

24  unauthorized withholding of the source code for the .NET derivations of SWT's

25  proprietary GUPTA software application and relational database.

26  / / /

27  / / /

28  / / /

# FIRST CLAIM FOR RELIEF

## UNFAIR COMPETITION

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

### (All Defendants)

32.     Plaintiff fully incorporates and realleges herein the allegations set forth in paragraphs 1 through 31 above.

33.     Defendants, and each of them, have engaged in acts of unfair competition in violation of Cal. Bus. & Prof. Code § 17200.

34.     Defendants' usurpation and withholding of the source code for Plaintiff's GUPTA software application and relational database, and the .NET derivations thereof, constitutes an unlawful, unfair and/or fraudulent business practice and has injured and will, unless enjoined by the Court, continue to cause injury to Plaintiff's ability to operate its business and to Plaintiff's business reputation, in violation of Cal. Bus. & Prof. Code § 17200, to Plaintiff's irreparable harm.

35.     Plaintiff has no adequate remedy at law and is likely to succeed on the merits due to Defendants' egregious behavior.  Accordingly, Plaintiff is entitled to both preliminary and permanent injunctive relief enjoining Defendants from withholding Plaintiff's proprietary source code and from using such code in a manner not expressly authorized by Plaintiff under Cal. Bus. & Prof. Code § 17203.

36.     As a result of Defendants' acts of unfair competition, as alleged herein, Plaintiff is entitled to monetary damages in an amount at least in excess of $75,000 to be proven at trial, as warranted under Cal. Bus. & Prof. Code §§ 17200, *et seq.*

37.     Defendants' acts of unfair competition have been done with oppression, fraud and malice thereby entitling Plaintiff to an award of exemplary damages, pursuant to Cal. Civ. Code § 3294.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

### (All Defendants)

38.     Plaintiff fully incorporates and realleges herein the allegations set forth in paragraphs 1 through 37 above.

39.     Defendants, and each of them, knew of Plaintiff's existing contracts and business relationships with various multinational corporations in Defendants' capacities as the provider of software support service to Plaintiff.

40.     Despite having knowledge of these contracts and existing business relationships, Defendants, and each of them, intentionally interfered with those contracts and business relationships by withholding from Plaintiff the source code for the .NET derivation of Plaintiff's original GUPTA software application and relational database.  Therefore, in order for Plaintiff to continue the full and uninterrupted operation of its business, Plaintiff has paid approximately $15,000 to Defendant MSI each month to "maintain" the functionality of GUPTA, against Plaintiff's will.

41.     Such withholding of Plaintiff's own source code has caused Plaintiff irreparable harm and as a direct result of Defendants' actions and omissions, Plaintiff has been damaged in an amount at least in excess of $75,000 to be proven at trial.

42.     As a direct and foreseeable consequence of Defendants' interference, Plaintiff's reputation in the industry and with the multinational companies with which Plaintiff has a direct business relationship has been permanently damaged in an amount in excess of $75,000 to be proven at trial.

43.     Defendants' actions were undertaken with fraud, malice or oppression, and/or with conscious disregard of the rights of Plaintiff, and, therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants, and each of them, pursuant to Cal. Civ. Code § 3294, in an amount in excess of $75,000

1  to be proven at trial.

## THIRD CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE
### (All Defendants)

44.    Plaintiff fully incorporates and realleges herein the allegations set forth in paragraphs 1 through 43 above.

45.    Defendants, and each of them, had knowledge of Plaintiff's prospective business contracts and business relationships with various multinational corporations in Defendants' capacities as the provider of software support service to Plaintiff.

46.    Despite knowing of these prospective contracts and business relationships, Defendants, and each of them, and, upon information and belief, with the authorization, under the control and at the direction of Defendant CLUNE, intentionally interfered with those contracts and business relationships by withholding from Plaintiff the source code for the .NET derivation of Plaintiff's original GUPTA software application and relational database.  Therefore, in order for Plaintiff to continue the uninterrupted operation of its business, and to continue to foster the development of prospective business contracts and business relationships, Plaintiff has paid approximately $15,000 to Defendant MSI each month to "maintain" the functionality of GUPTA, against Plaintiff's will.

47.    Such withholding of Plaintiff's own source code has caused Plaintiff irreparable harm and as a direct result of Defendants' actions and omissions, Plaintiff has been damaged in an amount at least in excess of $75,000 to be proven at trial.

48.    As a direct and foreseeable consequence of Defendants' interference, Plaintiff's reputation in the industry and with the multinational companies with which Plaintiff has a prospective business relationship has been permanently

1  damaged in an amount in excess of $75,000 to be proven at trial.

2      49.    Defendants' actions were undertaken with fraud, malice or oppression,

3  and/or with conscious disregard of the rights of Plaintiff, and, therefore, Plaintiff is

4  entitled to an award of exemplary and punitive damages against Defendants, and

5  each of them, pursuant to Cal. Civ. Code § 3294, in an amount in excess of $75,000

6  to be proven at trial.

## FOURTH CLAIM FOR RELIEF

## CONVERSION

### (All Defendants)

10     50.    Plaintiff fully incorporates and realleges herein the allegations set forth

11  in paragraphs 1 through 49 above.

12     51.    Plaintiff is, and at all times relevant herein was, the owner of and is

13  entitled to immediate possession of the source code of any and all derivatives,

14  including those in the .NET format, of Plaintiff's original GUPTA software and

15  variations thereof created in other software platforms (hereinafter "the Subject

16  Property").  The value of the Subject Property is an amount in excess of $75,000 to

17  be proven at trial.

18     52.    Upon information and belief, with the authorization, under the control

19  and at the direction of Defendant CLUNE, Defendants, and each of them,

20  wrongfully interfered with Plaintiff's interests in the Subject Property by failing to

21  provide Plaintiff with the Subject Property upon Plaintiff's request.

22     53.    While Defendant MSI originally came into the possession of the

23  Subject Property legally, while acting in a software support capacity on Plaintiff's

24  behalf beginning in 2004, Defendants, and each of them, improperly retained

25  possession of the Subject Property despite Plaintiff's demand for return thereof.

26     54.    Upon information and belief, with the authorization, under the control

27  and at the direction of Defendant CLUNE, Defendants, and each of them, conspired

28  together to convert the Subject Property to their own use, so that the activities of one

1   are attributable to all.

2       55.   As a result of Defendants' acts of conversion, Plaintiff has been

3   damaged at least in an amount in excess of $75,000 to be proven at trial, including

4   all compensatory damages.  Plaintiff is entitled to damages and repossession of the

5   converted Subject Property and will seek such remedies at trial.  Plaintiff is further

6   entitled to compensation for the time and money expended in pursuit of the Subject

7   Property.

8       56.   Plaintiff is further entitled to the imposition of a constructive trust

9   and/or equitable lien on the converted Subject Property and its fruits and is entitled

10   to a tracing with respect to the converted Subject Property.

### FIFTH CLAIM FOR RELIEF

### MISAPPROPRIATION OF TRADE SECRETS

### (California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426, *et seq.*)

### (All Defendants)

15       57.   Plaintiff fully incorporates and realleges herein the allegations set forth

16   in paragraphs 1 through 56 above.

17       58.   As a result of Defendants' employment by Plaintiff, Defendants, and

18   each of them, have access to Plaintiff's trade secrets, including source codes, work

19   flow information, confidential customer lists, financial data and other sensitive

20   information pertaining to Plaintiff, its business and its clients.  All of the foregoing

21   materials are unique to Plaintiff and not commonly known or available to the public.

22       59.   Plaintiff's source codes, work flow information, confidential customer

23   lists, financial data and other trade secrets derive independent economic value,

24   actual and/or potential, from not being generally known to nor readily ascertainable

25   by other persons, via proper means, who can obtain economic value from their

26   disclosure or use.  Plaintiff takes steps that are reasonable under the circumstances

27   to maintain the secrecy of its trade secret information.

28       60.   Upon information and belief, during the course of their employment by

1  Plaintiff, Defendants, and each of them, with the authorization, under the control

2  and at the direction of Defendant CLUNE, misappropriated Plaintiff's trade secrets

3  by, inter alia, withholding Plaintiff's access to Plaintiff's own GUPTA source code,

4  which has provided Defendants, and each of them, with an unearned, unfair and

5  unjust advantage in operating a competing business.

6       61.    All Defendants, including Does 1 through 10, inclusive, explicitly or

7  implicitly took part in, encouraged, had knowledge of and/or benefited from each

8  other Defendant's misappropriation of Plaintiff's trade secrets.

9       62.    Plaintiff's above-described proprietary information constitutes trade

10 secrets that are protected by the California Uniform Trade Secrets Act, Cal. Civ.

11 Code §§ 3426, *et seq.* ("CUTSA"), which expressly authorizes this Court to enjoin

12 actual or threatened misappropriation of trade secrets.

13      63.    Defendants, and each of them, have an affirmative duty to refrain from

14 misusing or otherwise misappropriating Plaintiff's trade secrets where, as here, they

15 know or have reason to know that such information is a trade secret.

16      64.    Defendants, and each of them, acquired Plaintiff's trade secrets under

17 circumstances giving rise to a duty to maintain their secrecy and to limit their use to

18 the purpose expressly authorized by Plaintiff.

19      65.    Upon information and belief, Defendants, and each of them, with the

20 authorization, under the control and at the direction of Defendant CLUNE, have

21 misappropriated, used, disclosed, and/or threatened to misappropriate, use or

22 disclose Plaintiff's trade secrets for the benefit of one other than Plaintiff and to the

23 substantial and irreparable detriment of Plaintiff.

24      66.    Defendants, and each of them, know or have reason to know that

25 Plaintiff's trade secrets were acquired by Defendants, and each of them, under

26 circumstances giving rise to a duty to Plaintiff to maintain their secrecy.

27      67.    Defendants, and each of them, know or have reason to know that

28 Plaintiff's trade secrets have been misappropriated, used, or disclosed, or will be

1  misappropriated, used or disclosed by Defendants in their efforts to directly compete

2  or to allow third parties to directly compete with Plaintiff's business.

3       68.    Defendants did not have Plaintiff's consent, express or implied, to

4  appropriate or disclose Plaintiff's trade secrets for their own use or benefit or for the

5  use or benefit of any other entity.

6       69.    The misappropriation, use or disclosure, or threatened

7  misappropriation, use or disclosure of Plaintiff's trade secrets by Defendants, and

8  each of them, entitles Plaintiff to relief under the CUTSA.

9       70.    At all relevant times, Defendants' actions were undertaken with fraud,

10  malice or oppression, and/or with conscious disregard of the rights of Plaintiff.

11       71.    The acts and threatened acts of misappropriation and/or misuse by

12  Defendants, and each of them, have caused and will continue to cause substantial

13  damage to Plaintiff.

14       72.    Defendants' misappropriation, disclosure and/or use of Plaintiff's trade

15  secrets will result in immediate and irreparable harm to Plaintiff for which there is

16  no adequate remedy at law.

17       73.    Plaintiff is likely to succeed on the merits of its claims against

18  Defendants, and any prejudice that might accrue to Defendants by virtue of an

19  injunction is greatly outweighed by the substantial harm and detriment to Plaintiff

20  that will result from the use of its trade secrets by a competing entity.

21       74.    Such misappropriation of Plaintiff's trade secrets by Defendants, and

22  each of them, entitles Plaintiff to injunctive relief, under Cal. Civ. Code § 3426.2

23  and damages in an amount at least in excess of $75,000 to be proven at trial, under

24  Cal. Civ. Code § 3426.3(a) for Plaintiff's actual loss and/or Defendants' unjust

25  enrichment as a direct result of Defendants' actions and omissions.

26       75.    Defendants' actions were undertaken with fraud, malice or oppression,

27  and/or with conscious disregard of the rights of Plaintiff, and, therefore, Plaintiff is

28  entitled to an award of exemplary and punitive damages against Defendants, and

1   each of them, pursuant to Cal. Civ. Code § 3426.3(c), in an amount in excess of

2   $75,000 to be proven at trial.

3                          **SIXTH CLAIM FOR RELIEF**

4                    **FRAUD AND INTENTIONAL DECEIT**

5                                **(All Defendants)**

6          76.    Plaintiff fully incorporates and realleges herein the allegations set forth

7   in paragraphs 1 through 75 above.

8          77.    Plaintiff is informed and believes and on that basis alleges that

9   Defendant CASTRO is the employee, authorized representative and/or agent of

10  Defendant MSI and, at the time of making the representations herein that software

11  maintenance services would be performed, was acting within the course and scope

12  of his agency and authority for Defendant MSI.

13         78.    In or about 2004, Defendant MSI and Defendant CASTRO represented

14  to Plaintiff that Defendant CASTRO had the knowledge and expertise to maintain

15  and enhance Plaintiff's existing GUPTA software application.  Initially, Defendant

16  CASTRO utilized his apparent knowledge and expertise to maintain and enhance

17  Plaintiff's existing GUPTA software application and later to migrate such

18  application to the .NET environment at Plaintiff's express direction.

19         79.    Upon information and belief, Defendant CASTRO created several

20  versions of the .NET derivation of GUPTA, the latest of which was completed in or

21  about 2006.

22         80.    Throughout the course of the business relationship between Plaintiff

23  and Defendant MSI, Plaintiff paid Defendant MSI a monthly fee of at least $15,000.

24  Such monthly fee was presumed to be for the maintenance and enhancement of

25  Plaintiff's existing GUPTA software application and was later applied to the

26  conversion of the original GUPTA framework to the .NET environment.  However,

27  even after such conversion was complete, Defendant MSI continued to require

28  Plaintiff to pay the $15,000 monthly maintenance fee.

81.     Suspecting that Defendants MSI and CASTRO were in collusion to defraud Plaintiff out of compensation that was not earned, Plaintiff requested Defendants MSI and CASTRO to begin providing itemized invoices of services provided, to no avail.

82.     Each month, upon information and belief, Defendants MSI and CASTRO, with the authorization, under the control and at the direction of Defendant CLUNE, provided Plaintiff with an invoice that stated 160 hours of work had been performed without any indication of exactly what tasks were completed and how long each task took to complete.

83.     The representations made by Defendants MSI and CASTRO, which, upon information and belief, were made with the authorization, under the control and at the direction of Defendant CLUNE, were in fact false.  The true facts were that Defendants MSI and CASTRO were billing Plaintiff for the same 160 hours of work, whether or not such number of hours of work had been completed.  Although Plaintiff made a request, no evidence was ever provided by Defendants MSI or CASTRO to substantiate the 160-hour invoices, which amounted to Plaintiff being billed at least $15,000 per month.

84.     Each month, when Defendants MSI and CASTRO made these representations, upon information and belief, with the authorization, under the control and at the direction of Defendant CLUNE, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance upon these representations, or with the expectation that Plaintiff would so act, which Plaintiff did.

85.     At the time these representations were made by Defendants MSI and CASTRO and at the time Plaintiff took the actions herein alleged, Plaintiff was ignorant of the falsity of Defendant MSI's and CASTRO's representations and believed them to be true.  In reliance upon these representations, Plaintiff was induced to, and did, pay to Defendant MSI $15,000 each month to perform services

1   which it has now become apparent were rarely performed.  Had Plaintiff known the

2   actual facts, it would not have taken such action.

3       86.     Plaintiff's reliance upon Defendants MSI's and CASTRO's

4   representations was justified because Plaintiff had an implied-in-fact contractual

5   agreement with Defendant MSI to perform software maintenance and related

6   services.

7       87.     As a proximate result of the fraudulent conduct  of Defendants, and

8   each of them, Plaintiff expended more money to maintain and enhance its

9   proprietary GUPTA software application than otherwise would have been necessary

10  under circumstances in which Plaintiff was not being defrauded.

11      88.     As a proximate result thereof, Plaintiff has been damaged in an amount

12  in excess of $75,000 to be proven at trial.

13      89.     The aforementioned conduct constituted intentional misrepresentation,

14  deceit and/or concealment of material facts known to Defendants, with the intention

15  on the part of Defendants, and each of them, of thereby depriving Plaintiff of its

16  property, legal rights or otherwise causing injury and was despicable conduct that

17  constituted a conscious disregard of Plaintiff's rights, so as to justify an award of

18  exemplary and punitive damages.

19      90.     Defendants' actions were undertaken with fraud, malice or oppression,

20  and/or with conscious disregard of the rights of Plaintiff, and, therefore, Plaintiff is

21  entitled to an award of exemplary and punitive damages against Defendants, and

22  each of them, pursuant to Cal. Civ. Code § 3294, in an amount in excess of $75,000

23  to be proven at trial.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# SEVENTH CLAIM FOR RELIEF
## CONSTRUCTIVE FRAUD
### (All Defendants)

91.    Plaintiff fully incorporates and realleges herein the allegations set forth in paragraphs 1 through 90 above.

92.    Upon information and belief, and with the authorization, under the control and at the direction of Defendant CLUNE, Defendant MSI and Defendant CASTRO made false representations to Plaintiff, which had the effect of deceiving and defrauding Plaintiff, and induced Plaintiff to act in reliance upon these false representations, or with the expectation that Plaintiff would so act, which Plaintiff did.

93.    At the time these representations were made by Defendants MSI and CASTRO and at the time Plaintiff took the actions herein alleged, Plaintiff was ignorant of the falsity of Defendants MSI's and CASTRO's representations and believed them to be true.  In reliance upon these representations, Plaintiff was induced to, and did, pay to Defendant MSI $15,000 each month to perform services which it has now become apparent were rarely performed.  Had Plaintiff known the actual facts, it would not have taken such action.

94.    Plaintiff's reliance upon Defendants MSI's and CASTRO's representations was justified because Plaintiff had an implied-in-fact contractual agreement with Defendant MSI to perform software maintenance and related services.

95.    As a proximate result of the fraudulent conduct of Defendants, Plaintiff expended more money to maintain and enhance its proprietary GUPTA software application than otherwise would have been necessary under circumstances in which Plaintiff was not being defrauded.

96.    As a proximate result thereof, Plaintiff has been damaged in an amount in excess of $75,000 to be proven at trial.

97.     The aforementioned conduct constituted misrepresentation, deceit and/or concealment of material facts by Defendants, and each of them, which deprived Plaintiff of its property, legal rights or otherwise caused injury to Plaintiff, so as to justify an award of monetary damages.

98.     Defendants' actions were undertaken with fraud, malice or oppression, and/or with conscious disregard of the rights of Plaintiff, and, therefore, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants, and each of them, pursuant to Cal. Civ. Code § 3294, in an amount in excess of $75,000 to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

### (All Defendants)

99.     Plaintiff fully incorporates and realleges herein the allegations set forth in paragraphs 1 through 98 above.

100.    Beginning in 2004, SWT and Defendant MSI entered into an implied-in-fact contractual agreement whereby CASTRO was obligated to maintain and enhance the existing GUPTA application in exchange for compensation by SWT based upon the amount of work performed.  In compliance with such agreement, to date, Defendant MSI has been paid in excess of $1 million for its work on behalf of SWT, at a minimum rate of approximately $15,000.00 per month.

101.    The implied-in-fact contractual agreement between Plaintiff and Defendant MSI for Defendant MSI and its employees and/or agents to maintain Plaintiff's proprietary software is valid and enforceable and Defendant MSI has violated the implied covenant of good faith and fair dealing implicit in that agreement by withholding the source code that Defendant CASTRO derived from Plaintiff's proprietary GUPTA software.  The agreement between Plaintiff and Defendant MSI consisted of Plaintiff providing Defendant MSI with an implied license to modify and enhance, at Plaintiff's express direction, Plaintiff's proprietary

1  GUPTA software.  In return, Defendant MSI provided Plaintiff with the technical

2  knowledge to maintain the GUPTA application and later to migrate the GUPTA

3  application to the .NET environment.

4      102.   By forcing Plaintiff to negotiate a license to use its own proprietary

5  software or risk losing the ability to use it altogether or to maintain its business

6  operations, Defendant MSI was in breach of its implied-in-fact contractual

7  agreement with Plaintiff.

8      103.   Such breach of the agreement by Defendant MSI, by and through its

9  employees, agents and/or representatives, entitles Plaintiff to compensatory

10  damages, pursuant to Cal. Civ. Code § 3300, and other relief as provided by

11  California contract law.

12                    **NINTH CLAIM FOR RELIEF**

13                **BREACH OF IMPLIED COVENANT OF**

14                **GOOD FAITH AND FAIR DEALING**

15                        **(All Defendants)**

16      104.   Plaintiff fully incorporates and realleges herein the allegations set forth

17  in paragraphs 1 through 103 above.

18      105.   Implicit in every contract, including implied-in-fact contracts, is the

19  covenant of good faith and fair dealing between the parties.  The implied-in-fact

20  contractual agreement between Plaintiff and Defendant MSI for Defendant MSI and

21  its employees and/or agents to maintain Plaintiff's proprietary software is valid and

22  enforceable and Defendant MSI has violated the implied covenant of good faith and

23  fair dealing implicit in that agreement by withholding the source code that

24  Defendant CASTRO derived from Plaintiff's proprietary GUPTA software.  The

25  agreement between Plaintiff and Defendant MSI consisted of Plaintiff providing

26  Defendant MSI with an implied license to modify and enhance, at Plaintiff's express

27  direction, Plaintiff's proprietary GUPTA software.  In return, Defendant MSI

28  provided the technical knowledge to maintain the GUPTA application and later to

1 | migrate the GUPTA application to the .NET environment.

2 | 106.   By forcing Plaintiff to negotiate a license to use its own proprietary

3 | software or risk losing the ability to use it altogether or to maintain its business

4 | operations, Defendant MSI was in breach of its implied-in-fact contractual

5 | agreement with Plaintiff and the covenant of good faith and fair dealing implied

6 | therein.

7 | 107.   Such breach of the agreement and covenant by Defendant MSI, by and

8 | through its employees, agents, and/or representatives, entitles Plaintiff to

9 | compensatory damages, pursuant to Cal. Civ. Code § 3300, and other relief as

10 | provided by California contract law.

### TENTH CLAIM FOR RELIEF

### DECLARATORY JUDGMENT TO DETERMINE OWNERSHIP RIGHTS

### (28 U.S.C. §§ 2201, 2202)

### (All Defendants)

15 | 108.   Plaintiff fully incorporates and realleges herein the allegations set forth

16 | in paragraphs 1 through 107 above.

17 | 109.   Based upon Defendants' refusal to provide Plaintiff with the source

18 | code for the .NET derivations of Plaintiff's proprietary GUPTA software application

19 | despite Plaintiff's request therefor and superior rights therein, an actual case or

20 | controversy exists between Plaintiff and Defendants, and each of them, such that the

21 | instant case is ripe for adjudication by this Court.

22 | 110.   Further, Defendants have conditioned Plaintiff's continued use of

23 | Plaintiff's own proprietary GUPTA application on Plaintiff's agreement to an

24 | indefinite maintenance contract with Defendants MSI and CASTRO and/or the

25 | payment of a large license fee in addition to a maintenance contract with Defendants

26 | MSI and CASTRO for a prescribed period of time.

27 | 111.   By withholding the source code to GUPTA from Plaintiff and forcing

28 | Plaintiff to negotiate a license to use its own software, Defendants, and each of

1  them, have intentionally, maliciously, negligently, recklessly and/or willfully

2  engaged in the conduct described herein to Plaintiff's detriment.

3      112.   Plaintiff's ability to maintain the valuable goodwill associated with the

4  provision of its logistical services to large global clients, and Plaintiff's hard earned

5  reputation in the logistics industry is and continues to be compromised by

6  Defendants' unauthorized withholding of the source code for the .NET derivations

7  of Plaintiff's proprietary GUPTA software application and relational database.

8      113.   Unless this Court determines each Party's respective ownership rights

9  with regard to the GUPTA software application and relational database, including

10  the .NET derivation and any other versions thereof, Defendants, and each of them,

11  will continue to withhold the same, to Plaintiff's great detriment, prohibiting

12  Plaintiff from further enhancing and fully exploiting its own logistical application

13  and permanently harming Plaintiff's business.

14      114.   Accordingly, as this Court has jurisdiction over the subject matter

15  herein and an actual case or controversy exists between Plaintiff and Defendants,

16  and each of them, making the instant case ripe for adjudication, Plaintiff hereby

17  requests a Declaratory Judgment that Plaintiff is entitled to full ownership of the

18  rights in and title to the source code for the .NET derivation, and any and all

19  derivations in other platforms, of Plaintiff's proprietary GUPTA software

20  application and relational database, under 28 U.S.C. §§ 2201 and 2202.

21  **PRAYER FOR RELIEF**

22      WHEREFORE, Plaintiff asks that this Court grant relief as follows:

23      A.   For a judgment that Defendants, and each of them, have committed acts

24  of unfair competition in violation of California Business and Professions Code

25  Sections 17200, *et seq.*;

26      B.   For a judgment that Defendants' acts of unfair competition have been

27  willful in violation of California law;

28

1      C.     For a judgment that Defendants, and each of them, have committed acts

2  which constitute Intentional Interference with Contractual Relations in violation of

3  California law;

4      D.     For a judgment that Defendants' acts of Intentional Interference with

5  Contractual Relations have been willful;

6      E.     For a judgment that Defendants, and each of them, have committed acts

7  which constitute Intentional Interference with Prospective Business Advantage in

8  violation of California law;

9      F.     For a judgment that Defendants' acts of Intentional Interference with

10  Prospective Business Advantage have been willful;

11      G.     For a judgment that Defendants, and each of them, have committed acts

12  which constitute Conversion in violation of California law;

13      H.     For a judgment that Defendants' acts of Conversion have been willful;

14      I.     For a judgment that Defendants, and each of them, have committed acts

15  which constitute Misappropriation of Trade Secrets in violation of CUTSA and

16  California common law;

17      J.     For a judgment that Defendants' acts of Misappropriation of Trade

18  Secrets have been willful;

19      K.     For a judgment that Defendants' acts complained of herein constitute

20  Fraud and Intentional Deceit;

21      L.     For a judgment that Defendants' acts of Fraud and Intentional Deceit

22  have been willful;

23      M.     For a judgment that Defendants' acts complained of herein constitute

24  Constructive Fraud;

25      N.     For a judgment that Defendants' acts complained of herein constitute

26  Breach of Contract and/or Breach of the Implied Covenant of Good Faith and Fair

27  Dealing;

28

O.     For the grant of preliminary and permanent injunctive relief enjoining Defendants and all those in privity, concert or participation therewith, against further acts of Unfair Competition, Intentional Interference with Contractual Relations, Intentional Interference with Prospective Business Advantage and Conversion pursuant to California law;

P.     For the grant of preliminary and permanent injunctive relief enjoining Defendants and all those in privity, concert or participation therewith, from engaging in Misappropriation of Trade Secrets, Fraud and Intentional Deceit and Constructive Fraud;

Q.     For a judgment that the implied-in-fact contractual agreement between Plaintiff and Defendant MSI, by and through its employees, agents and/or representatives, be hereby rescinded and that the parties thereto no longer have any obligations thereunder;

R.     For the grant of an award requiring Defendants to account to Plaintiff or to pay over to Plaintiff an amount equal to all gains, profits, and advantages derived by the Defendants by reason of Defendants' acts of Unfair Competition, Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, Conversion, Misappropriation of Trade Secrets, and Fraud and Intentional Deceit in an amount in excess of $75,000, exclusive of interest and costs, to be proven at trial pursuant to California law;

S.     For an award of monetary damages constituting Plaintiff's losses resulting from Defendants' acts of Unfair Competition, Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, Conversion, Misappropriation of Trade Secrets, Fraud and Intentional Deceit, Constructive Fraud, Breach of Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing, in an amount in excess of $75,000, exclusive of interest and costs, to be proven at trial pursuant to California law;

T.  For an award of monetary damages constituting Plaintiff's costs of the action by reason of Defendants' acts of Unfair Competition, Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, Conversion, Misappropriation of Trade Secrets, Fraud and Intentional Deceit, Constructive Fraud, Breach of Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing;

U.  For an award of Plaintiffs' reasonable attorney's fees by reason of the exceptional case of Defendants' willful acts of Unfair Competition, Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, Conversion, Misappropriation of Trade Secrets, Fraud and Intentional Deceit, Breach of Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing, pursuant to California law;

V.  For an award of treble damages in an amount up to three (3) times the damages award in light of Defendants' willful acts of Unfair Competition, Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, Conversion, Misappropriation of Trade Secrets, Fraud and Intentional Deceit under California law;

W.  For a finding that Defendants' conduct was oppressive, malicious and fraudulent, warranting an award of exemplary damages under California Civil Code §§ 3294 and/or 3426;

X.  For the grant of a Declaratory Judgment, under 28 U.S.C. §§ 2201 and 2202, that (1) Plaintiff SWT, and SWT alone, is the lawful owner of the GUPTA software application and relational database, and any and all derivations thereof, whether in .NET format or any other format, including the source code associated therewith; (2) Defendants have no rights in or title to the GUPTA software application and relational database, nor any derivations thereof, whether in .NET format or any other format, including the source code associated therewith; (3) Defendants must immediately return to Plaintiff all source code associated with

1  the GUPTA software application and relational database, and any and all derivations
2  thereof, whether in .NET format or any other format; (4) Defendants must not alter
3  or in any way tamper with the source code associated with the GUPTA software
4  application and relational database, nor any derivation thereof, prior to returning
5  such source code to Plaintiff; and (5) Defendants must not disclose, in any form to
6  any entity, any of Plaintiff's trade secrets, including, but not limited to, Plaintiff's
7  GUPTA software application and relational database, and any and all derivations
8  thereof, whether in .NET format or any other format.

9       Y.     For an award of any other relief as the Court deems just and proper.

10

11  DATED: March 14, 2013

                         FULWIDER PATTON LLP

12

13

14                       By: _____
15                           Gary M. Anderson
16                           Kenya L. Williams
                             Attorneys for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as provided by the Federal Rules and California Codes of Civil Procedure.


DATED: March 14, 2013                    FULWIDER PATTON LLP



By: _____
    Gary M. Anderson
    Kenya L. Williams
    Attorneys for Plaintiff

 LinkedIn ®

Join Today · Sign In

**Join LinkedIn and see how you are connected to Migration Solutions, Inc.. It's free.**
Get access to insightful information about your network at thousands of companies!

 Already a member?
Sign in »

# Migration Solutions, Inc.

**Overview** | Employee Insights

Migration Solutions, Inc. (MSI) is a professional services organization with significant experience in software applications and business procedures supporting the Intellectual Property Management (IPM) function of the Media and Entertainment industry (a.k.a. rights licensing and administration). Our organization is comprised of Information Services and Finance professionals with many years of experience in public accounting and the Film/TV industry.

Many of the world's leading Entertainment companies have come to depend on us to provide business visibility for various Rights exploitation strategies. Our partners and associates have worked with virtually all of the major media companies. We have extensive experience in project budgeting and management, requirements analysis, system configuration, legacy data conversion, and implementation and training. We are flexible in structuring our work to fit the needs of the project team, whether in a leadership role or as team members (or both).

Over the years we have developed an arsenal of software to assist clients in their migration efforts. This allows us to offer services that are cost effective while minimizing the risks of system implementation. We are also a provider of specialized .NET technology that can dramatically reduce application development costs and timeframes. We can help evaluate the feasibility of various system configuration options and/or any proposed software enhancements, as well as helping to develop detailed specifications for software development and implementation.

**Specialties**
System Design and Development, Business Analytics, Legacy data migration, Business Process Optimization
less

Ads by LinkedIn Members 

 **Recession-Proof Yourself**
A flexible MBA in as few as 12 months. Days, Evening, Weekends, Online.

Learn More »

 **Exchange Junction**
Always trying to find an email you sent on one, device from another? Look!

Learn More »

**Type**
Privately Held

**Company Size**
1-10 employees

**Website**
http://www.BIStrategies.com

**Industry**
Motion Pictures and Film

**Founded**
2004

**Headquarters**

 1112 Montana Ave.
Suite 234
Santa Monica, CA 90403
UNITED STATES

LinkedIn company directory: a b c d e f g h i j k l m n o p q r s t u v w x y z more | Browse companies

By using this site. you agree to LinkedIn's terms of use. Commercial use of this site without express authorization is prohibited.

EXHIBIT A
Pg. 29 of 29

Gary M. Anderson (State Bar No. 97385)
Kenya L. Williams (State Bar No. 276875)
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555  Facsimile: 310-824-9696

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Strategic Wave Technology, Inc. a South Carolina corporation.

PLAINTIFF(S)

v.

Migration Solutions, Inc., a California corporation;
Luis A. Castro, an Individual; Mark Aurelius, an
Individual; William H. Clune, an Individual; does 1-10

DEFENDANT(S).

CASE NUMBER

CV13-01858 SH

SUMMONS

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  GARY M. ANDERSON _____, whose address is Fulwider Patton LLP, 6060 Center Drive., Tenth Floor., Los Angeles, CA 90045 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

MAR 1 4 2013

Dated: _____

Clerk, U.S. District Court

By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

STRATEGIC WAVE TECHNOLOGY, INC., a South Carolina corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

MIGRATION SOLUTIONS, INC., a California corporation; LUIS A. CASTRO, an individual; MARK AURELIUS, an individual; WILLIAM H. CLUNE, an individual; and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gary M. Anderson and Kenya L. Williams
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045   (Tel) 310-824-5555   (Facsimile) 310-824-9696

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** Excess of $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cal. B&P Code 17200,Unfair Compt.,Intentional Interference with Contractual Relations and with Prospective Econ Advg.,Conversion, C.C.C 3426, Misappropriation of Trade Secrets,Fraud & Intentional Deceit,Constructive Fraud,Breach of Contract,Breach of Implied Covenant of Good Faith&Fair Dealing, Declaratory Judgment 28U.S.C.2201

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | **PERSONAL INJURY** | ☒ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 310 Airplane | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | ☐ 210 Land Condemnation | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number:   CV13-01858

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Beaufort County, South Carolina |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Migration Solutions, Inc.: Los Angeles County; Luis A. Castro: Los Angeles County; Mark Aurelius: Los Angeles County; William H. Clune: Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Claims 1 through 10 arose in Los Angeles County, California |  |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Kenye Wth*   DATE: March 14, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |